# Dove, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Right angle collision—Moving van—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries sustained by the driver of a large moving van in a right angle collision at a crossing with one of defendant's cars, a compulsory nonsuit was properly entered where it appeared that plaintiff's view in either direction was unobstructed; that he could have seen the car 350 feet away had he looked; but that he did not see the car until it was 10 or 15 feet away and too late to avoid a collision.

Argued March 24, 1916. Appeal, No. 360, Jan. T., 1915, by plaintiff, from final order of C. P. No. 2, Philadelphia Co., Dec. T., 1913, No. 5356, refusing to take off compulsory nonsuit in case of George W. Dove v. Philadelphia Rapid Transit Company. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion by BARRATT, P. J.:

The motion to take off the nonsuit entered by the trial judge must necessarily be based on the ground that the plaintiff's evidence had disclosed a case which would have warranted a jury in giving him a verdict and the court in sustaining it.

A careful review of the evidence discloses no such case. The witnesses were the plaintiff himself and three others, Lyford, Davis and Annis.

The plaintiff, driver of a huge van, weighing 4,250 pounds, belonging to the Fidelity Storage Company, drawn by two horses, was, on Monday, January, 15, 1914, at about 6 : 30 in the afternoon, driving southward down Juniper street from Spruce. The van was not loaded.

He approached Lombard street, on which the defendant's cars run eastward, and attempted to cross it.   When the van was more than half across the track it was struck by defendant's car, and the plaintiff was injured.

The dimensions of the van were as follows:  The pole was 12 feet 5 inches in length, the body of the van 15 feet 6 inches long, and 10 feet 2 inches high.   The driver's seat was open at the sides and his view up and down street was unobstructed.   Lombard street is 50 feet wide. The distance from Juniper street to Broad street is 250 feet.   The width of Broad street is 100 feet.   There were street lights at Juniper street and at Broad street and between.   The plaintiff could have seen a car 700 feet away, that is, 350 feet west of the west side of Broad street, pretty nearly to Fifteenth street.   He certainly could have seen it on the west side of Broad street when the car which injured him stopped to let off or take on a passenger or passengers.   He says he looked when his horses' heads were at the track, and there was no car in sight.   He had to move his van across a track 5 feet 2 inches in width, which added to the length of his van would have made the length of the journey required to clear the car about 34 feet.   He variously estimated the gait at which he traveled at 5 miles an hour or at 2½ to 3 miles an hour.   Assuming it to be but 2½ miles an hour, the car, if it was at its stopping place on Broad street, would have been compelled to travel at a greater speed than 25 miles an hour in order to collide with the van.

The plaintiff neither saw nor heard the defendant's car until it was within 50 feet of him, about a car length away.   It was a big green car and the headlight was burning.

The plaintiff's witness, Lyford, a policeman, was in the front part of the car which struck the van.   He had got up to leave the car at Thirteenth street, walked towards the door, when about 40 feet off the van loomed up in

front of him, and was hit.    The car had stopped at Broad street.

The plaintiff's witness, Davis, was not present when the collision occurred and knew nothing of the facts.

The plaintiff's last witness, Annis, was the driver's helper, sitting on the seat with the driver.   He says that he noticed the driver looking west on Lombard street two or three times before he started to cross the track.    At a certain point he looked and the car was right on them about 10 or 15 feet away.    After that he was insensible.

The plaintiff proved no negligence on the part of the defendant.    His whole case rested on an inference based on his belief in and allegation of the following facts:

1st.—He looked when his horses' heads were at the track.

2d.—He could see 700 feet, or at all events 350 feet.

3d.—He saw no car.

Therefore, 4th—There was no car within at least 350 feet of him.

Therefore, 5th—The car must have traveled at least 30 miles an hour and probably 60 miles an hour between Broad street and Juniper street.

On any other theory than this the necessary inference is that when he looked before going on the track, he did it so carelessly and perfunctorily that it was not the looking contemplated by law, but that his first real legal looking was just at the moment when his helper looked, to wit, when the car was within a few feet of him.

Keeping in mind the utter failure to prove a single item of negligence in the defendant, as well as the strong probability that the plaintiff himself was negligent, we could not sustain a verdict on the evidence.    We think the trial judge did not err in entering the nonsuit, and the motion to take it off is therefore overruled.

The lower court entered a compulsory nonsuit which it subsequently refused to take off.    Plaintiff appealed.

*Error assigned* was in refusing to take off the compulsory nonsuit.

*Allen Spangler,* for appellant.

*Bernard J. O'Connell,* for appellee.

PER CURIAM, April 17, 1916:

The judgment in this case is affirmed upon the following from the opinion of the court below refusing to take off the nonsuit: "Keeping in mind the utter failure to prove a single item of negligence in the defendant, as well as the strong probability that the plaintiff himself was negligent, we could not sustain a verdict on the evidence."